Carlos J. Cuevas, Esq.
Attorney for B-Sharp Trading Corp.
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X

In re                                                                    Chapter 7

AME CONSULTING GROUP, LLC,                       Case No. 14-21956 DHS

                Debtor.

--------------------------------------------------------X

### MOTION FOR AN ORDER DIRECTING THE FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION OF MR. MICHAEL ESPOSITO

      B-Sharp Trading Corp., by its attorney, Carlos J. Cuevas, Esq., pursuant to Federal Rule of Bankruptcy Procedure 2004 hereby moves this Court for an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 of the Debtor's Managing Member, Mr. Michael Esposito, respectfully represents:

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief sought herein is Bankruptcy Code Section 105(a) and Federal Rule of Bankruptcy Procedure 2004.

## BACKGROUND

2. On June 10, 2014 an involuntary Chapter 7 petition was filed against the Debtor.

3. The Petitioning Creditors have claims in the amount of $227,609.37.

4. On July 24, 2014 this Court entered the Order for Relief in this bankruptcy case.

5. The Order for Relief directed that the Debtor file schedules and statement of financial affairs.

6. A copy of the Order of Relief was served on the Debtor.

7. The Debtor failed to comply with the Order for Relief.

8. Thereafter, this Court issued an Order to Show Cause as to why the Debtor should not be held in contempt for failing to file schedules and statement of financial affairs.

9. A hearing concerning the Order to Show Cause was held on September 30, 2014, and the Debtor failed to appear at the hearing.

10. A subsequent hearing was held in November 2014, and the Debtor failed to appear.

11. The Chapter 7 Trustee has not been able to administer the estate because the Debtor has failed to supply her with the financial information required by the Federal Rules of Bankruptcy Procedure and the Order for Relief.

## RELIEF REQUESTED AND THE BASIS FOR THE RELIEF

12. The Movant requests an Order under Federal Rule of Bankruptcy Procedure 2004 directing Mr. Esposito to produce the documents listed in Exhibit A and to appear for an oral examination concerning the subjects of those documents and other matters relating to the administration of the estate.

13. Federal Rule of Bankruptcy Procedure 2004(a) provides that the court may order the

examination of any entity. Fed. R. Bankr. P. 2004(a).

14. The documents requested are records pertaining to the Debtor's financial affairs.

15. This examination is necessary because the Debtor has refused to comply with the Order for Relief and failed to file schedules and statement of financial affairs.

16. The scope of a Federal Rule of Bankruptcy Procedure 2004 examination is broad. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D.Ga. 1998).

17. The scope of a Federal Rule of Bankruptcy Procedure 2004 may include matters that affect the administration of a debtor's estate. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D.Ga. 1998).

18. A Federal Rule of Bankruptcy Procedure 2004 examination may be used to evaluate the existence of the availability of assets of the estate. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991).

19. The Movant believes that Mr. Esposito possesses or should possess documents that are responsive to the requests in Exhibit A.

20. The information and documents obtained from Mr. Esposito will be used assist the Chapter 7 Trustee in effectuating her duties under Bankruptcy Code Section 706.

21. The information sought by the Movant will be transmitted to the Chapter 7 Trustee to enable her to evaluate and to commence, as appropriate, adversary proceedings to recover avoidable transfers.

## **CONCLUSION**

WHEREFORE, the Movant respectfully requests that this Court enter an order (a) directing Mr. Michael Esposito to produce to the Movant all the documents set forth in Exhibit A; (b) authorizing the Movant to conduct an oral examination of Mr. Michael Esposito at a date, time and place set by Movant's counsel; and granting such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
       January 6, 2015

                              CARLOS J. CUEVAS, ESQ.
                              Attorney for B-Sharp Trading

                              By: /s/ Carlos J. Cuevas
                                  Carlos J. Cuevas
                                  1250 Central Park Avenue
                                  Yonkers, New York 10704
                                  Tel. No. 914.964.7060

# EXHIBIT A

## DEFINITIONS

1. "Document" means any writing, drawing, graph, chart, photograph, phonecord, computer data, or other data compilation from which information can be obtained, whatever its origin or location, and regardless of the form in which such information exists or is maintained, and includes, but is not limited to: correspondence, books, records, memoranda, contracts, tables and tabulations, graphs, charts, diagrams, plans, schedules, appointment books and calendars, diaries, telephone messages and logs, tapes, recordings, transcriptions, notices, instructions, minutes, filings, and inter- and intra- office communications; and includes all originals, drafts, non-identical copies and copies with marginal notations or interlineations.

2. "Documents relating to" means documents consisting of, containing, constituting, discussing, describing, concerning, showing, relating or referring to in any way, or being legally, logically, or factually connected directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

3. "Communication" means any contact between two or more persons and shall include, but is not limited to, written contact and any oral contact such as face-to-face meetings and telephone conversations.

4. The "Debtor" means AME Consulting Group, LLC.

## INSTRUCTIONS

A. The documents covered by this request include all documents in the possession, custody or control of the Plaintiff, its representatives, agents, partners, affiliates, or persons

acting on its behalf.

B.  The documents covered by this request include any documents that were generated or received by the Plaintiff or otherwise came into existence or were utilized by the Plaintiff during the period January 1, 2010 through and including the date of production.

C.  Each document must be produced in its entirety, including attachments, enclosures, and transmittal sheets, and in its original folder, binder, or other cover or container, unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook or other cover or container, a copy of the label of such cover or other container must be attached to the document.  A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D.  With respect to each document withheld from production on the ground of privilege, work product, or any similar claim, provide the following information for each such document: (a) the name(s) and title(s) of the author(s) and/or sender(s) and addressee(s) and any other recipient(s); (b) the name and title of each person (other than stenographic or clerical assistant) participating in the preparation of the document; (c) the name and title of each person to whom the contents of the document have heretofore been disseminated by copy, exhibition, reading or substantial summarization; (d) the date and number of pages of the document; (e) a description of the nature and subject matter of he document;  (f) a statement of the basis on which it is claimed that the document is protected from disclosure; and (g) the name and title of the person supplying the information requested in subparagraphs (a) through (f) above.

E.  Notwithstanding a claim that a document is protected from disclosure, any documents

that are withheld must be produced with the portion claimed to be protected redacted.

F.  Each request for production of documents herein shall be deemed to be continuing so as to require prompt supplemental responses if further documents called for herein are obtained or discovered between the time of responding to this request and the time of trial.

G.  If any document within the scope of this request has been destroyed, the response hereto shall be describe in detail the circumstances of such destruction, and any documents relating to such destruction shall be produced.

## **DOCUMENT TO BE PRODUCED**

Produce the following documents in your possession, custody or control:

1. All of the Debtor's bank statements.

2. All documents concerning the Debtor's purchase of goods.

3. All documents concerning the Debtor's sale of goods.

4. All documents concerning claims against the Debtor as of July 24, 2014.

5. All documents that can be used to prepare the Debtor's bankruptcy schedules.

6. All documents that can be used to prepare the Debtor's statement of financial affairs.

7. All correspondence concerning the Debtor's business transactions.

8. All documents concerning the Debtor's transactions in excess of $1,000.00.

9. All documents concerning withdrawals of money from the Debtor to Michael Esposito.

10. All documents concerning compensation paid by the Debtor to Michael Esposito.

11. All documents concerning the Debtor's contracts.

12. All documents concerning the Debtor's leases.

13. All financial statements issued by the Debtor.

14. All income tax returns concerning the Debtor.

15. All collection letters concerning the Debtor.

16. All documents concerning assets owned by the Debtor.

17. All documents concerning liabilities owed by the Debtor.